UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONAVAN AMORRIS LONDON § | |
| § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. H-11-1977 |
| § | |
| THE UNITED STATES, et al., § | |
| § | |
| Defendant § | |

## OPINION AND ORDER

It has come to the Court's attention that Plaintiff Donavan Amorris London has filed a complaint against Defendants the United States of America, Federal Deposit Insurance Corporation ("FDIC"), Mack D. Hartsell, the City of Houston, the Houston Police Department, and Officer P.T. Dermody. On May 25, 2011, the Court granted Plaintiff's motion to proceed *in forma pauperis*. *See* Doc. 2. Because the Court finds that Donavan's case against all Defendants is barred by the applicable statutes of limitations, lacks a basis in law, and asserts factual allegations that are clearly baseless, the Court dismisses the case as frivolous.

This Court may dismiss a complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(1) if the Court is "satisfied that the action is frivolous or malicious." A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25 (1989). A complaint lacks an "arguable basis in law" if it is based on an indisputably "meritless legal theory," e.g., because defendants are absolutely immune from suit, or the complaint asserts a violation of a legal interest that does not exist, or the action is clearly barred by limitations. *See, e.g., Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995); *Alfred v. Corrections Corp. of America*, No. 09-30614, 2011 WL 2201188, *2 (5th Cir. June 7, 2011).

The Court may dismiss factual allegations that are "'clearly baseless,'" "'fanciful,'" or

"'delusional.'" *Alfred*, 2011 WL 2201188 at *2 (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*, (citing *Denton*, at 33).

Seventeen years after he pled guilty to a state felony charge for theft of travelers' checks from an FDIC safe in Houston, Texas, London has filed a complaint against the Defendants in this case alleging violation of various legal rights and demanding monetary damages, a letter of apology from the Houston Police Department, and that the Court overturn his conviction. London alleges that various Freedom of Information Act ("FOIA") and Texas Public Information Act ("TPIA") requests have produced "new evidence" that entitle him to relief.

London's complaint is, at its essence, an exceedingly late collateral attack on the validity of his criminal conviction. London contends that responses to numerous FOIA and TPIA requests he submitted to the federal and state agencies contain "admissions" demonstrating that the evidence used against him in his criminal conviction does not exist.[1] Contrary to London's characterization, the letters contain statements that the requested information cannot be found, but do not admit that the evidence which London seeks "never existed." The inability of the FDIC to locate rental records for a safe owned or rented seventeen years ago is not conclusive proof that the safe never existed. It is, however, indicative of the problems inherent in bringing cases long after the circumstances on which the cases are based have passed.

Statutes of limitations exist in part to prevent just this sort of evidentiary problem.[2] Here,

---

[1] London cites repeatedly, for example, to a letter the FDIC sent in response to London's FOIA request in which the FDIC states that it did not possess any document "that proves the existence or non-existence of any type of safe that was owned or leased by the former RTC or FDIC." Doc. 1 at 19. London characterizes this letter as an "admission" that the safe never existed and argues that because "there never was a "SAFE" [sic] . . . [there] is proof that the theft crimes never happened." Doc. 1 at 3.

[2] "[T]he purpose of statutes of limitations is to prevent surprises 'through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *American*

London asserts a right to habeas relief from the state court judgment against him, entered in 1994. Aside the obvious impediment that London is not currently imprisoned for the 1994 conviction,[3] the Court finds that his claim is clearly barred by the one-year statute of limitations on "application[s] for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

Although London does not specifically assert a right to recovery, his request for relief includes a demand for $388,590.08 in damages from each Defendant for "job loss and personal injuries." The statute of limitations in Texas for personal injury claims is two years. TEX. CIV. PRAC. & REM.CODE 16.003(a) (Vernon's 2005). Additionally, tort claims against the federal government are cognizable under the Federal Tort Claims Act, which requires that a tort claim against the federal government be filed with the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Here, London's claims against all Defendants are certainly time-barred and therefore lack an arguable basis in law.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that the above captioned case is **DISMISSED** under § 1915(e) because it lacks an arguable basis in law.

---

*Pipe & Const. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756 (1974) (citing *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348-349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944).
[3] *See* 28 U.S.C.A. § 2241(c).

SIGNED at Houston, Texas, this 13th day of December, 2011.

                                              MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE